UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVONE SMITH, | 1:16-cv-01179-EPG (PC) |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIMS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AGAINST DEFENDANTS FANTONE AND KHOKHAR AND FOR VIOLATION OF DUE PROCESS AGAINST DEFENDANT KHOKHAR, AND DISMISSING ALL OTHER CLAIMS (ECF NO. 12) |
| v. | |
| EMMANUEL J. FANTONE and JASWANT KHOKHAR, | |
| Defendants. | |
| | ORDER FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN |
| | THIRTY DAY DEADLINE |

Trayvone Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 10, 2016. (ECF No. 1). The Court screened the complaint and dismissed it with leave to amend on December 19, 2016. (ECF No. 9). Plaintiff filed his first amended complaint on January 23, 2017. (ECF No. 10). The Court screened Plaintiff's first amended complaint and provided Plaintiff with leave to amend on March 15, 2017. (ECF No. 11). Plaintiff filed his second amended complaint on April 7, 2017 (ECF No. 12), which is before this Court for screening.

On August 22, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court will allow Plaintiff's claim for deliberate indifference to serious medical needs against defendants Fantone and Khokhar and Plaintiff's claim for violation of Due Process against defendant Khokhar to proceed past the pleading stage. The Court finds the second amended complaint appropriate for service of process.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Except as discussed below, Plaintiff's allegations in his second amended complaint are materially the same as in Plaintiff's first amended complaint, and the Court refers to its summary and analysis of Plaintiff's first amended complaint (ECF No. 11) regarding those allegations.

Plaintiff's second amended complaint adds significant allegations regarding Defendant Jaswant Khokhar.  Plaintiff alleges that he was interviewed by Dr. Khokhar on July 28, 2014.  Dr. Khokhar represcribed Plaintiff Remeron and informed Plaintiff about Trileptal.  Plaintiff consented to taking Trileptal.  Dr. Khokhar then forged Plaintiff's signature on a consent form for Risperdal.  Plaintiff was not informed of Risperdal or its side effects.

It is also worth noting that Plaintiff's second amended complaint did not add allegations regarding compliance with California Government Claims Act, which the Court discussed in its prior screening order.  (ECF No. 11, pgs. 6-7).

**III.     ANALYSIS OF PLAINTIFF'S CLAIMS IN SECOND AMENDED COMPLAINT**

**A.     Legal Standards**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los

Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d

1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of antipsychotic medication. Washington v. Harper, 494 U.S. 210, 229, 110 S.Ct. 1028 (1990). Although prisoners may be involuntarily medicated if they are a danger to themselves or others and the treatment is in their best medical interest, they must be provided with procedural protections to ensure that the decision to medicate them involuntarily is not arbitrary or erroneous. Harper, 494 U.S. at 227–28. In Keyhea v. Rushen, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), the court set forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.

### B. Application to Plaintiff's Second Amended Complaint

For the same reasons as discussed in its prior screening order, Plaintiff's allegations, liberally construed in his favor, state a claim for deliberate indifference to serious medical needs against Defendant Dr. Fantone. (ECF No. 11, p. 6)

The Court finds that Plaintiff's Second Amended Complaint also states a claim for

deliberate indifference to serious medical needs as to Defendant Khokhar based on the allegation that Dr. Khokhar prescribed him Risperdal by forging Plaintiff's signature when Plaintiff did not in fact consent to treatment by Risperdal and did not know if its side effects. Liberally construed in Plaintiff's favor, Plaintiff has alleged that Dr. Khokhar was deliberately indifferent in prescribing the medication as evidenced by a failure to discuss side effects and forging Plaintiff's signature on a consent form.

Plaintiff's allegations, if true, also state a claim for violation of Due Process under the Fourteenth Amendment as to Dr. Khokar for forcibly medicating Plaintiff with psychotropic medication without Plaintiff's knowledge, consent, or other due process.[1]

## IV. CONCLUSION

The Court has screened Plaintiff's second amended complaint and finds that it states a cognizable claim for deliberate indifference to serious medical needs against defendants Fantone and Khokhar. Plaintiff's second amended complaint also states a cognizable claim for violation of Due Process against Defendant Khokhar. All other claims will be dismissed. To the extent that Plaintiff's second amended complaint alleges violations of state law, those claims will be dismissed without prejudice. The Court will not permit further leave to amend. This is Plaintiff's third complaint, and the Court has given Plaintiff ample legal guidance.

The Court finds the Second Amended Complaint appropriate for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint states a cognizable claim for deliberate indifference to serious medical needs against defendants Fantone and Khokhar. Plaintiff's second amended complaint also states a cognizable claim for violation of Due Process against Defendant Khokhar. All other claims are dismissed. To the extent that Plaintiff's second amended complaint alleges violations of state law, those claims are dismissed without prejudice.

---

[1] Given Plaintiff's failure to show compliance with California's Government Claims Act, following the Court's guidance in its prior order (ECF No. 11, p. 6), any state law claims are dismissed without prejudice.

2. Service is appropriate for the following defendants:

    a. **Emmanuel J. Fantone; and**

    b. **Jaswant Khokhar**

2. The Clerk of Court shall SEND Plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on April 7, 2017. (ECF No. 12);

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. A completed summons for each defendant listed above;

    b. A completed USM-285 form for each defendant listed above; and

    c. Three (3) copies of the endorsed Second Amended Complaint filed on April 7, 2017.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal Service to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and,

5. <u>The failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **April 14, 2017**          /s/ _Erica P. Grosjean_

                                       UNITED STATES MAGISTRATE JUDGE