UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVONE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>EMMANUEL J. FANTONE and JASWANT KHOKHAR,<br><br>    Defendants. | Case No. 1:16-cv-01179-LJO-EPG (PC)<br><br>DISCOVERY ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

Trayvone Smith ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 7, 2018, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Adam Young telephonically appeared on behalf of Defendants.

During the Conference, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3]

---

[1] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

1

that:

>   1. Plaintiff has until April 6, 2018, to serve Defendants with his initial disclosures. As discussed in the Court's prior order (ECF No. 30), Plaintiff shall provide Defendants with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.); and

///
///
///
///
///
///

---

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Ibid.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

2. Each party has until April 6, 2018, to serve the opposing party with copies of all documents that they have related to the issue of whether Plaintiff exhausted his available administrative remedies as to his allegations in this case, including any grievances Plaintiff filed related to the allegations in this case, as well as any responses Plaintiff received to those grievances.

IT IS SO ORDERED.

Dated: **March 16, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE