UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVONE SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EMMANUEL J. FANTONE and<br>JASWANT KHOKHAR,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01179-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NOS. 23 & 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

　　　Trayvone Smith ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6). Defendants declined to consent to magistrate judge jurisdiction. (ECF No. 45, p. 4).

　　　The Court previously screened Plaintiff's complaint before Defendants appeared. (ECF No. 24). The Court found that Plaintiff stated a cognizable claim for deliberate indifference to serious medical needs against defendants Fantone and Khokhar, and a cognizable claim for violation of due process against defendant Khokhar. The Court dismissed all other claims (to the extent that Plaintiff's Third Amended Complaint alleges violations of state law, those claims were dismissed without prejudice).

　　　As described below, in light of Ninth Circuit authority, this Court is recommending that

1

the assigned district judge dismiss claims consistent with the order by the magistrate judge at the screening stage.

The Court notes that it is only recommending dismissal of certain claims, and not confirmation of the claim that the Court allowed to go forward in its screening order. Defendant Fantone has filed a motion to dismiss. (ECF No. 36). The Court will issue findings and recommendations on defendant Fantone's motion to dismiss in due course.

### I. WILLIAMS v. KING

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

### II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner[1] has raised claims that are

---

[1] Plaintiff was still a prisoner as the time he filed his Third Amended Complaint. (See ECF No. 23, p. 1).

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

A few years ago Plaintiff was on psychiatric medication, specifically Remeron, Trileptal, and Risperdal. While on these medications Plaintiff suffered side effects of neutropenia, which causes a severe reduction in white blood cells.

On January 16, 2015, Plaintiff was interviewed by clinical psychiatrist Richard Schwarz. Dr. Schwarz explained to Plaintiff that the interview was to discuss the results of Plaintiff's blood tests. Dr. Schwarz asked Plaintiff how he was feeling. Plaintiff explained that

he had been feeling really sick and had been sick several times, and that he had never been this sick before. Dr. Schwarz told Plaintiff that he was sick because the Risperdal causes neutropenia, which reduced Plaintiff's white blood cells. Dr. Schwarz told Plaintiff he was discontinuing Plaintiff's Risperdal and Remeron medications and scheduling blood tests to ascertain Plaintiff's white blood cell count. Plaintiff had a severely low white blood cell count.

On August 7, 2015, Plaintiff was interviewed by defendant Dr. Emmanuel J. Fantone. Plaintiff explained what happened in his prior interview with Dr. Schwarz. Defendant Dr. Fantone told Plaintiff that he checked the computer and saw no such record of Dr. Schwarz's interview with Plaintiff. Defendant Dr. Fantone stated that everything is fine and represcribed the Risperdal and Remeron. Plaintiff notes that the prescription must have been discontinued in order for defendant Dr. Fantone to be able to represcribe it.

Plaintiff already has a weakened immune system from the contraction of Tuberculosis. Defendant Dr. Fantone failed to peruse Plaintiff's medical file.

Defendant Dr. Khokhar prescribed medication to Plaintiff without first ascertaining Plaintiff's medical status. The necessary information could have been obtained by consulting Plaintiff's medical records. Defendant Dr. Khokhar represcribed these medications after Plaintiff told defendant Dr. Khokhar of Plaintiff's interview with Dr. Schwarz.

While on the medications, Plaintiff became severely sick and suffered a significant loss of white blood cells. Plaintiff began to refuse the medication. Plaintiff was seen by multiple doctors who confirmed that the medication was causing the complications. Tests performed on August 3, 2016, showed that Plaintiff had a significant loss of white blood cells.

### IV. SUMMARY OF ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Except as discussed below, Plaintiff's allegations in his Second Amended Complaint are materially the same as in Plaintiff's first amended complaint.

Plaintiff's second amended complaint adds significant allegations regarding defendant Jaswant Khokhar. Plaintiff alleges that he was interviewed by Dr. Khokhar on July 28, 2014. Dr. Khokhar represcribed Plaintiff Remeron and informed Plaintiff about Trileptal. Plaintiff

4

consented to taking Trileptal.  Dr. Khokhar then forged Plaintiff's signature on a consent form for Risperdal.  Plaintiff was not informed of Risperdal or its side effects.

It is also worth noting that Plaintiff's Second Amended Complaint did not add allegations regarding compliance with California Government Claims Act, which the Court discussed in its prior screening order. (ECF No. 11, pgs. 6-7).

## V. SUMMARY OF ALLEGATIONS IN THE THIRD AMENDED COMPLAINT

Plaintiff's Third Amended Complaint contains no substantive changes from the Second Amended Complaint (except for the inclusion of a prayer for relief).

## VI. ANALYSIS OF PLAINTIFF'S CLAIMS IN THIRD AMENDED COMPLAINT

### A. Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing

"under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825,

836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of antipsychotic medication. Washington v. Harper, 494 U.S. 210, 229, 110 S.Ct. 1028 (1990). Although prisoners may be involuntarily medicated if they are a danger to themselves or others and the treatment is in their best medical interest, they must be provided with procedural protections to ensure that the decision to medicate them involuntarily is not arbitrary or erroneous. Harper, 494 U.S. at 227–28. In Keyhea v. Rushen, 178 Cal.App.3d 526, 542 (Cal. Ct. App. 1986), the court set forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.

### B. Application to Plaintiff's Third Amended Complaint

Plaintiff's allegations, liberally construed in his favor, state a claim for deliberate indifference to serious medical needs by defendant Dr. Fantone. This is a close case and it may very well be that the facts show no more than a difference of medical opinion, rather than deliberate indifference under these legal standards. Nevertheless, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical needs based on allegations that defendant Dr. Fantone said he checked the computer and saw no record of an interview despite an interview taking place, represcribed medication without questioning why it had been discontinued, prescribed medication that was inconsistent with Plaintiff's medical history of tuberculosis, and told Plaintiff that despite his medical issues that "everything is fine," which could be interpreted as ill-informed and dismissive in light of Plaintiff's allegations regarding

7

his white blood cell count and lingering side effects.

The Court finds that Plaintiff's Third Amended Complaint also states a claim for deliberate indifference to serious medical needs against defendant Khokhar based on the allegation that Dr. Khokhar prescribed Plaintiff Risperdal by forging Plaintiff's signature when Plaintiff did not in fact consent to treatment by Risperdal and did not know if its side effects. Liberally construed in Plaintiff's favor, Plaintiff has alleged that Dr. Khokhar was deliberately indifferent in prescribing the medication as evidenced by a failure to discuss side effects and forging Plaintiff's signature on a consent form.

Plaintiff's allegations, if true, also state a claim for violation of due process under the Fourteenth Amendment as to Dr. Khokar for forcibly medicating Plaintiff with psychotropic medication without Plaintiff's knowledge, consent, or other due process.

Given Plaintiff's failure to allege compliance with California's Government Claims Act, even after the Court's guidance in its prior order (ECF No. 11, p. 6), the Court will recommend dismissing any state law claims brought by Plaintiff, without prejudice.

### VII. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims, except for Plaintiff's claim for deliberate indifference to serious medical needs against defendants Fantone and Khokhar, and his claim for violation of due process against defendant Khokhar, be DISMISSED (with Plaintiff's state law claims being dismissed without prejudice).[2]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

---

[2] The Court is only recommending dismissal of claims in light of Williams. The Court will issue findings and recommendations on defendant Fantone's motion to dismiss in due course.

Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 22, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE