UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVONE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>EMMANUEL J. FANTONE and JASWANT KHOKHAR,<br><br>    Defendants. | Case No. 1:16-cv-01179-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF NOS. 30, 49, & 50)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Trayvone Smith ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On October 26, 2017, the Court issued an Order Requiring Initial Disclosures and Setting an Initial Scheduling Conference. (ECF No. 30). The order required the parties to exchange initial disclosures and file scheduling conference statements. Plaintiff did not file a scheduling conference statement or serve Defendants with his initial disclosures (ECF No. 45, p. 3; ECF No. 50).

    On March 19, 2018, the Court directed Plaintiff to serve his initial disclosures on Defendants by April 6, 2018. (ECF No. 50, p. 2). On April 19, 2018, Defense Counsel filed a declaration stating that he had not received any initial disclosures from Plaintiff. (ECF No. 55, p. 2, ¶ 6).

    While Plaintiff filed some documents that may have been intended to be his initial

disclosures (ECF No. 54), Plaintiff did not comply with the Court's order. Plaintiff was supposed to serve the documents on Defendants, not file them with the Court. (ECF No. 50, p. 2).

But more importantly, Plaintiff did not provide all of the disclosures he was ordered to provide. While Plaintiff did file documents, the Court also directed Plaintiff to provide Defendants with "'[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment.'" (ECF No. 50, p. 2) (quoting ECF No. 30, p. 2). Plaintiff did not provide this list, or any indication that he has no such names to provide.

Additionally, Plaintiff failed to respond to defendant Fantone's motion to dismiss, even though he was ordered to do by the Court. On January 2, 2018, defendant Fantone filed a motion to dismiss. (ECF No. 36). Plaintiff failed to respond, so the Court directed him to respond by April 13, 2018. (ECF No. 49). The deadline has passed, and Plaintiff did not file a response.

As Plaintiff has repeatedly failed to comply with this Court's orders, the Court will recommend that this case be dismissed, without prejudice, for Plaintiff's failure to comply with court orders.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's repeated failure to obey this Court's orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, including the Court's need to manage its docket, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections.

///

///

///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 23, 2018**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE